UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

**CRIMINAL ACTION NO. 07-25-DLB**

**UNITED STATES OF AMERICA**                                                  **PLAINTIFF**

**VS.**                      **MEMORANDUM ORDER**

**DONALD WOODS**                                                    **DEFENDANT**

*******************************

      This matter is currently before the Court on the government's motion in limine seeking a pretrial ruling on the admissibility of Defendant's multiple prior felony convictions during its case-in-chief if the Defendant chooses not to stipulate to the existence of a prior felony conviction.[1] (Doc. # 18). Defendant having failed to file a response within the parameters set by the Court, the motion is ripe for review. For the reasons set forth below, the motion is granted.

      It is well settled that pursuant to the Supreme Court's decision in *Old Chief v. United States,* 519 U.S. 172 (1997), the government is required to accept a defendant's offer to stipulate to the prior conviction element of a felon in possession charge. Thus, in this case, if Defendant was willing to stipulate to his status as a convicted felon, the government would be required to accept that stipulation. However, based on the representations by defense counsel on May 7, 2007, Defendant herein is unwillingly to stipulate. Absent an

---

[1] During the May 7, 2007 pre-trial conference, Defendant indicated through counsel that he was not willing to stipulate that he had a prior felony conviction.

1

*Old Chief* stipulation, the government will be permitted to prove Defendant's felony status through standard methods of proof.

In this case, Counts 1 and 2 of the Indictment are premised on the allegation that Defendant possessed a firearm and ammunition after having been convicted of a felony. By refusing to stipulate, the Government may elicit proof on all elements of the crimes charged, including the fact of any prior felony convictions. *See United States v. Burkhart*, 545 F.2d 14, 15 (6th Cir. 1976). Although a portion of the Sixth Circuit's decision in *Burkhart* has been abrogated by *Old Chief*, that is, the portion which states that the government is not required to accept a defendant's stipulation regarding his prior felony conviction, the portion which indicates that the government is not limited to establishing only one prior conviction remains good law. *See also United States v. Ford*, 872 F.2d 1231, 1238 (6th Cir. 1989) (government not limited to proving only one prior felony conviction for individuals charged with possession of a firearm by a convicted felon who dispute that element of the offense), *cert. denied,* 495 U.S. 918 (1990). In *Ford*, the Sixth Circuit held that it was not reversible error to allow the United States to introduce six prior felony offenses. Other courts have agreed with this premise. *See e.g. United States v. Jones*, 266 F.3d 804, 811-12 (8th Cir. 2001), *United States v. Peach*, 327 F.Supp.2d 1081, 1087 (D.N.D. 2004)

If the Defendant continues to insist that the government prove that he was a convicted felon on or about the date alleged in the Indictment, the government will be permitted to elicit testimony or evidence relating to Defendant's prior felony convictions. In the event Defendant stipulates to his status as a convicted felon, such evidence will be excluded during the government's case-in-chief.

For the foregoing reasons, **IT IS ORDERED THAT** the government's motion in limine be, and is hereby **GRANTED**.

This 31st day of May, 2007.



Signed By:
*David L. Bunning*
United States District Judge

G:\DATA\ORDERS\CovCrim\2007\07-25 Order re MIL.wpd